UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. &
INDYMAC BANK, F.S.B,

            Plaintiffs,

-against-

OLABELL HIMMEL SAMUEL &
JOHN DOE (said name being fictitious,
it being the intention of plaintiff to designate
any and all occupants of the premises being
foreclosed herein, and any parties,
corporations or entities, if any, having or
claiming an interest or lien upon the
mortgaged premises),

            Defendants.
-------------------------------------------------------------X

NOT FOR PUBLICATION

MEMORANDUM AND ORDER

06-CV-3109 (ENV)

VITALIANO, District Judge:

Defendant Olabell Himmel Samuel,[1] appearing *pro se*, seeks to remove an action from the Supreme Court of the State of New York, Nassau County. The application to proceed *in forma pauperis* is granted for the limited purpose of this Order.[2] As this Court lacks subject matter jurisdiction over the action, it is hereby remanded to state court.

---

[1] The Notice of Removal was submitted by Tracey M. Himmel, who is not a named party in the underlying state court complaint, ostensibly "on behalf of his mother, Olabell Himmel Samuel, and himself." Mr. Himmel asserts that he is the unnamed John Doe in the caption. (Notice of Removal ¶ 4.) Defendant Samuel and Mr. Himmel are reminded that only a named party to the action can remove the action to federal court and further, that an individual appearing *pro se* may not represent another *pro se* individual. The Court is somewhat reassured by the signed Affidavit of Defendant Samuel attesting to her support of the Notice of Removal. Although Mr. Himmel is not a named party in the state court action, this Court considers his submission for the limited purpose of this Order of Remand.

[2] The application to proceed *in forma pauperis* was made on behalf of Tracey M. Himmel only, and not by a named party in this case. The failure of Defendant to either pay the fee or file an application requesting to proceed without the pre-payment of fees may serve as an additional reason that the case is not properly removed to federal court.

Although a *pro se* litigant's submissions "are held 'to less stringent standards than formal pleadings drafted by lawyers,'" Hughes v. Rowe, 449 U.S. 5, 9 (1980) (per curiam) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)), a *pro se* litigant is not "exempt from compliance with relevant rules of procedural and substantive law." Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983) (quoting Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981)).

The removal statute provides for removal of claims over which the federal courts have "original jurisdiction." 28 U.S.C. §1441(a). This means that a claim may only be removed to federal court if it could have been filed in federal court originally. Fax Telecomunicaciones Inc. v. AT&T, 138 F.3d 479, 485 (2d Cir. 1998). "[F]ederal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction." Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §1447(c).

Under the Rooker-Feldman doctrine, United States District Courts lack subject matter jurisdiction over challenges to judgments of a state court in judicial proceedings, except for constitutional challenges and reviews pursuant to an application for a writ of habeas corpus. This principle, named after two United States Supreme Court cases, Rooker v. Fid. Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), precludes a district court from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

Here, Defendant is seeking to overturn an unfavorable state court decision. The Supreme Court, Nassau County, granted Plaintiff's motion for summary judgment on January 18, 2006, and, thereafter, on April 14, 2006, denied Defendant's application to vacate the decision. (Notice ¶¶ 83, 86.) Some time in April, 2006, Defendant appealed that decision to the Appellate Division, Second Judicial Department, of the Supreme Court of the State of New York, which issued a stay of the foreclosure, pending appeal. (Notice ¶¶ 87-88, 90.) This Notice of Removal was filed on June 21, 2006, after the Supreme Court granted the motion for summary judgment and denied the application for reconsideration.[3] That final judgment may not be removed to this Court so that the losing party can relitigate issues already decided by the state court. See Four Keys Leasing & Maint. Corp. v. Simithis, 849 F.2d 770, 774 (2d Cir. 1988) (holding that granting permission to remove a case from a final state-court judgment would subject the judgment to relitigation and "would be a perversion of the removal process"); Murray v. Deer Park Union Free School Dist., 154 F. Supp. 2d 424, 426 (E.D.N.Y. 2001) (remanding to state court where the plaintiffs attempted to remove a case that had already been decided on summary

---

[3] Although Plaintiffs do not raise this issue nor any other opposition to removal, it should be noted that Defendant's Notice of Removal is untimely. The removal statute provides that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after receipt by the defendant, through service *or otherwise*, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. §1446(b) (emphasis added). The state foreclosure action was filed in the Supreme Court, Nassau County, on September 2, 2005. (Notice ¶ 72.) Defendant received a copy of the complaint on September 8, 2005. (Notice ¶ 73.) Defendant did not seek to remove this case to federal court until June 21, 2006, well outside the 30 day period. Although Defendant disputes the adequacy of service of process on September 8, 2005, Defendant filed an answer and otherwise defended the action in state court, apparently without raising any specific defense based on insufficiency of service of process. (Notice ¶¶ 73, 76-80.) "A defense of . . . insufficiency of process, or insufficiency of service of process is waived . . . if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course." Fed.R.Civ.P. 12(h)(1). See also Santos v. State Farm Fire and Cas. Co., 902 F.2d 1092 (2d Cir. 1990).

judgment by the New York Supreme Court).[4]

## CONCLUSION

As this Court lacks subject matter jurisdiction over the state court foreclosure proceeding, the action is hereby remanded to the Supreme Court of the State of New York, Nassau County. See Mortgage Electronic Registration Systems, Inc., et. al. v. Olabell Himmel Samuel, et. al, No. 14066/2005. The Clerk of the Court is directed to send a certified copy of this Order to the Clerk of the Supreme Court, Nassau County, and to close the case in this Court. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/ENV

ERIC N. VITALIANO
United States District Judge

Dated: Brooklyn, New York
August 1, 2006

---

[4] The bulk of the "Notice of Removal," pages 5-42 and numbered paragraphs 5-66, is dedicated to a recitation of the allegations and procedural history of Tracey M. Himmel's unrelated civil rights action pending before this Court. See Himmel v. Ridgley, et. al., Docket No. 01-MC-0108. See also Himmel v. Hewlett-Packard Co., Docket No. 94-CV-4336; People of the State of New York v. Himmel, Docket No. 95-CV-3893; Himmel v. Eiberson, et. al., Docket No. 96-CV-6179; Himmel v. Alexander, et. al., Docket No. 97-CV-1572; and Himmel v. People of the State of New York, et. al., Docket No. 98-CV-2758. Mr. Himmel seems to be arguing that this Court has subject matter jurisdiction over the foreclosure action because "my mother, at my request, was wrongfully (unjustly) forced to seek" home equity loans and failed to meet her mortgage payment obligations because of her continued support of him and his pursuit of the pending civil action. (Notice ¶¶ 1, 33.) Mr. Himmel's frequent litigation in federal court does not confer federal subject matter jurisdiction in the state foreclosure action.

On July 27, 2006, Mr. Himmel filed papers entitled "Order to Show Cause" under Docket No. 01-MC-0108. (This document includes, as Exhibit C, a copy of the July 13, 2006 Decision & Order on Motion of the Appellate Division, Motion No. 2006-0421, relieving Defendant's attorney from representation in the foreclosure matter and extending to August 23, 2006 the stay of the foreclosure proceeding.). Even if Mr. Himmel were a named party to this action and had properly filed the "Order to Show Cause" under Docket No. 06-CV-3109, that filing would be dismissed as moot, since this Court has never had jurisdiction over the foreclosure action.